UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

    - against -

HECTOR CASTILLO GUANTE

              Defendant.

------------------------------------------X

09 Cr. 435 (RWS)

SENTENCING
OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/10

**Sweet, D.J.**

       On March 22, 2010, Hector Castillo Guante, a/k/a "Hector Guante," a/k/a "Armando Alamo," a/k/a "Armando Alamo-Roman" ("Guante" or the "Defendant") appeared before the Honorable Gabriel W. Gorenstein and allocated to one count of taking and carrying away, with intent to steal or purloin, money exceeding $1,000 in the care, custody, control, management or possession of a bank, in violation of 18 U.S.C. §§ 2113(b) and 2. For the reasons set forth below, Gaunte will be sentenced to one year's probation. Guante also will be required to pay a special assessment of $25. He shall make restitution to Wachovia Bank of $26,000.

1

**Prior Proceedings**

Information 09 Cr 435 (RWS) was filed in the Southern District of New York on March 22, 2010. Count One charges from 2006, up to and including May 2008, Defendant deposited checks issued to other persons without authorization into bank accounts controlled by him and withdrew and took away the funds.

Defendant's sentencing is currently scheduled for June 4, 2010.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. As the Supreme Court explained in Gall v. United States, 552 U.S. 38 (2007):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide

2

consistency, the Guidelines should be the starting
point and the initial benchmark. The Guidelines
are not the only consideration, however.
Accordingly, after giving both parties an
opportunity to argue for whatever sentence they
deem appropriate, the district judge should then
consider all of the § 3553(a) factors to determine
whether they support the sentence requested by a
party. In so doing, he may not presume that the
Guidelines range is reasonable. He must make an
individualized assessment based on the facts
presented.

Id. at 49-50 (internal citation and footnote omitted). Thus, in addition to analysis of the Guidelines, the sentence imposed here results from consideration of:

(1) the nature and circumstances of the offense
and the history and characteristics of the
defendant;

(2) the need for the sentence imposed-

    (A) to reflect the seriousness of the
        offense, to promote respect for the law,
        and to provide just punishment for the
        offense;

    (B) to afford adequate deterrence to criminal
        conduct;

    (C) to protect the public from further crimes
        of the defendant; and

    (D) to provide the defendant with needed
        educational or vocational training,
        medical care, or other correctional
        treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range
established for-

    (A) the applicable category of offense
        committed by the applicable category of

>                  defendant as set forth in the guidelines
>                  . . . ;
>
>             (5) any pertinent policy statement . . . [issued
>             by the Sentencing Commission];
>
>             (6) the need to avoid unwarranted sentence
>             disparities among defendants with similar records
>             who have been found guilty of similar conduct; and
>
>             (7) the need to provide restitution to any victims
>             of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 570 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Guante's personal and family history.

**The Offense Conduct**

The following description draws on the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

On February 6, 2008, Defendant emailed names, dates of birth, and social security numbers of approximately nine victims to Eliot Villar ("Villar") in the Bronx, New York. (The defendant asserts that it was his co-defendant, Yolandy Torres ("Torres"), who used his email account to email the victim information to Villar.)

On February 13, 2008, Villar submitted an electronic application in the name of one of the victims ("V1") from Villar's apartment in the Bronx, to Capital One Auto Finance ("Capital One") in Plano, Texas for a car loan for approximately $30,000.

On February 14, 2008, Capital One issued a loan in the name of V1 for approximately $30,000 in support of a purchase of a 2004 BMW 545I in Miami, Florida.

On February 15, 2008, Villar emailed names, dates of

birth, and social security numbers of approximately 10 victims from the Bronx, New York, to Torres.

On February 29, 2008, a checking account at Wachovia Bank, N.A. ("Wachovia Account-1") was opened electronically in the name of V1 and with an address in the Bronx, New York.

On March 14, 2008, a $9,100 check was written out to Silvia Ortiz Camacho ("V1 Check") from Wachovia Account-1, and with a memo line that reads "BMW 545 2004 - 1 Half," was deposited into a Wachovia checking account in the name of "Sylvia Ortiz Camacho" ("Wachovia Account-2") at a Wachovia branch in Allentown, Pennsylvania.

On March 15, 2008, Indira Martinez, made a withdrawal in the amount of $4,500 from Wachovia Account-2 at the Allentown Wachovia Branch and another withdrawal in the amount of $4,500 at a Wachovia Branch in Wind Gap, Pennsylvania.

On May 12, 2008, Torres was issued an Ohio Temporary Instruction ID Card using the identification information of a victim.

According to the Government, Guante's conduct resulted

in a loss of $26,000. Specific victim information is awaited at time of sentencing.

**The Relevant Statutory Provisions**

There is a maximum term of imprisonment of one year, pursuant to 18 U.S.C. § 2113(b). If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than one year, pursuant to 18 U.S.C. § 3583(b)(3).

Guante is eligible for up to five years probation pursuant to 18 U.S.C. § 3561(c)(2).

The maximum fine is $100,000 pursuant to 18 U.S.C. § 3571. Pursuant to 18 U.S.C. § 3013, a special assessment of $100 is mandatory.

**The Guidelines**

The November 1, 2009 edition of the United States Sentencing Commission Guidelines Manual has been used in this case, pursuant to § 1B1.11(a).

The Guideline for the violation of 18 U.S.C. § 2113(b)

7

is found in §2B1.1 which provides for a base offense level of 6 pursuant to §2B1.1(a)(2). The offense level is increased by 4 levels because the loss amount of $26,000 is between $10,000 and $30,000, pursuant to §2B1.1(b)(1)(C). Based on Defendant's plea allocution, he has shown recognition of responsibility for the offense. He is therefore entitled to a two-level decrease in his offense level for acceptance of responsibility under § 3E1.1(a).

Accordingly, the applicable offense level is 8.

Guante has no known criminal convictions. Therefore, he has zero criminal history points and a Criminal History Category of I.

Based on a total offense level of 83 and a Criminal History Category of I, the Guidelines range for imprisonment is 0 to 6 months.

The Guidelines range for a term of supervised release is one year, pursuant to § 5D1.2(a)(3). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b).

Guante is eligible for probation because the applicable

guideline range is in Zone A of the Sentencing Table, pursuant to § 5B1.1(a)(1). If the court imposes probation the term must be at least one year, but not more than five years because the offense level for the instant offense is 8, pursuant to § 5B1.2(a)(1).

The fine range for the instant offense is from $1,000 to $10,000, pursuant to § 5E1.2(c)(3)(A). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,2730.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant

to all of the factors, it is determined that a sentence within the Guidelines range is warranted in the instant case.

**The Sentence**

For the instant offense, Guante will be sentenced to one year's probation.

Guante is to report to the nearest United States Probation Office within seventy-two hours of release from custody. It is recommended that he be supervised by the district of his residence.

As mandatory conditions of his supervised release, Guante shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) cooperate in the collection of DNA as directed by the probation officer.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, for offenses committed after September 13, 1994, the court shall require that all offenders on probation, parole, or supervised release submit to one drug test within fifteen days of commencement of probation, parole or

supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. § 3563(a)(5) and § 3583(d).

The mandatory drug testing condition is suspended based on the Court's determination that Guante poses a low risk of future substance abuse.

Furthermore, the standard conditions of supervision (1-13) shall be imposed with the additional special conditions as follows:

Defendant shall provide the probation officer with access to any requested financial information.

Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

11

Defendant shall submit his person, resident, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in reasonable manner.  Failure to submit to a search may be grounds for revocation.  Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.  A special assessment of $25, payable to the United States, is mandatory and shall be due immediately.

As Wachovia Bank has suffered injury compensable under the Victim and Witness Protection Act in the amount of $26,000, Guante shall make restitution of $26,000, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury.

Pursuant to 18 U.S.C. § 3664(d)(5), the imposition of

an order of restitution will be delayed for up to 90 days, to enable the Government to provide the Court with specific details regarding the loss for restitution purposes as well as to identify the victims entitled to restitution.

The restitution shall be paid in monthly installments of no less than 10% of Guante's gross monthly income over a period of supervision to commence 30 days after the imposition of the order.

Defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

In formulating the suggested schedule of payments for restitutions, the provisions of 18 U.S.C. § 3664(f)(2) have been considered.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for June 4, 2010.

It is so ordered.

New York, NY
June 3, 2010

_____
ROBERT W. SWEET
U.S.D.J.

14